1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
   Telephone (858) 362-3150
4  mak@kramerlawip.com

5

6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
8  Telephone (858) 362-3151
   michael@kalerlaw.com
9

10

11

   Attorneys for Plaintiff JENS ERIK SORENSEN,
12 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
13

14

15

                 UNITED STATES DISTRICT COURT
16
          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17

18 JENS ERIK SORENSEN, as Trustee of  ) Case No. 08cv307 BTM CAB
   SORENSEN RESEARCH AND             )
19 DEVELOPMENT TRUST,                )
                                     ) **MEMORANDUM OF POINTS &**
20                                   ) **AUTHORITIES IN SUPPORT OF**
                                     ) **PLAINTIFF'S MOTION TO MODIFY**
21            Plaintiff              ) **PATENT LOCAL RULES SCHEDULE TO**
      v.                             ) **ACCELERATE IDENTIFICATION OF**
22                                   ) **CLAIMED INVALIDATING PRIOR ART**
                                     )
23 STAR ASIA, U.S.A., LLC, a Washington )
   Corporation; and DOES 1 – 100,    ) Date:  June 20, 2008
24                                   ) Time:  11:00 a.m.
                                     ) Hon. Barry T. Moskowitz
25            Defendants.            )
                                     ) NO ORAL ARGUMENTS UNLESS
26                                   ) ORDERED BY THE COURT
                                     )
27 _____)

28

1

**INTRODUCTION**

2      Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and

3   Development Trust ("Sorensen") requests the Court pursuant to Patent L.R. 1.3 to

4   accelerate the obligation of all parties claiming invalidity of the subject '184 patent

5   to identify prior art that they contend invalidates the patent within 60 days.

6      The Patent Local Rules set the usual and customary date for service of

7   preliminary invalidity contentions to be approximately four and a half months after

8   filing suit.  However, Patent L.R. 1.3 allows the Court to accelerate that and other

9   deadlines when the circumstances warrant a change.    Sorensen believes that

10  circumstances warrant an acceleration of this deadline in all of the cases regarding

11  U.S. Patent No. 4,935,184 (the '184 patent).

12      There are currently 24 patent infringement cases pending in this Court

13  regarding the '184 patent[1].  In each case where an answer has been filed, the

14  Defendants have asserted invalidity of the patent (and in some instances cross-

15  complained for declaratory relief of invalidity) without identification of any factual

16  basis for that claim.  Many have also requested a stay pending conclusion of two

17  reexaminations of the '184 patent currently pending before the USPTO.    The

18  Defendants in this case have obtained an extension to file an answer, but it is

19

20  [1] *Sorensen v. DMS Holdings, et al*, Case No. 08cv559, filed March 25, 2008; *Sorensen v.
    Kyocera International, Inc., et al.*, Case No. 08cv411; *Sorensen v. Central Purchasing,*

21  *LLC, et al.*, Case No. 08cv309; *Sorensen v. Logitech, Inc., et al.*, Case No. 08cv308;
    *Sorensen v. Metabo Corporation, et al.*, Case No. 08cv304; *Sorensen v. Rally*

22  *Manufacturing, Inc., et al.*, Case No. 08cv302; *Sorensen v. Sunbeam Products, Inc., et al.*,
    Case No. 08cv306; *Sorensen v. Star Asia, U.S.A., LLC, et al.*, Case No. 08cv307; *Sorensen*

23  *v. CTT Tools, Inc., et al.*, Case No. 08cv231; *Sorensen v. Global Machinery Company, et
    al.*, Case No. 08cv233; *Sorensen v. Emissive Energy Corp., et al.,* Case No. 08cv234;

24  *Sorensen v. Alltrade Tools, LLC., et al.,* Case No. 08cv232; *Sorensen v. Motorola, Inc., et
    al.*, Case No. 08cv0136; *Sorensen v. Sanyo North America Corporation, et al.*, Case No.

25  08cv0135; *Sorensen v. Informatics, Inc., et al.*, Case No. 08cv0134; *Sorensen v. Ryobi
    Technologies, Inc., et al.*, Case No. 08cv0070; *Sorensen v. Senco Products, Inc.*, Case No.

26  08cv0071; *Sorensen v. Emerson Electric Co., et al,* Case No. 08cv0060; *Sorensen v.
    Johnson Level & Tool Mfg. Co., Inc.*, Case No. 08cv0025; *Sorensen v. Energizer Holdings,*

27  *Inc., et al,* Case No. 07cv2321; *Sorensen v. Giant International, Inc., et al,* Case No.
    07cv2121; *Sorensen v. Esseplast (USA) NC, Inc., et al,* Case No. 07cv2277; *Sorensen v.*

28  *Helen of Troy Texas Corporation, et al,* Case No. 07cv2278; *Sorensen v. The Black &
    Decker Corporation, et al,* Civil Case No.: 06cv1572.

1   anticipated that they will also make a pro forma assertion of invalidity of the '184

2   patent.

3         In the order staying the low-number related case, *Sorensen v. Black & Decker*

4   *Corporation, et al*, Case No. 06cv01572, this Court explained the rationale for a stay

5   pending reexamination in part as follows:

6         The Court believes that it will benefit from the PTO's evaluation of how
         the previously unconsidered prior art references impact the claims of the
7         patent-in-suit.

8   *Id.*, at Docket #243, page 8:28-9:1 ("*Black & Decker Stay Order"*).  In the Order, the

9   Court also cited a list of advantages to stay pending reexamination from *Broadcast*

10  *Innovation, L.L.C. v. Charter Communications, Inc.*, No. 03-cv-2223-ABJ-BNB,

11  2006 U.S. Dist. LEXIS 45523, at *26-31 (D.Colo. July 11, 2006), including:

12        Shifting the patent validity issue to the PTO has many advantages,
         including:
13        1.  All prior art presented to the Court will have been first considered by
         the PTO, with its particular expertise . . . .
14
    *Black & Decker Stay Order*, Docket #243, page 8:15-17 (emphasis added).
15
          In order to achieve the benefits that the Court intended to be gained from a
16
    stay pending reexamination, it is necessary for the sued parties that are asserting
17
    invalidity of the '184 patent to identify claimed invalidating prior art in sufficient
18
    time for that prior art to be provided to the USPTO and considered during the already
19
    pending reexamination proceedings.
20
          Thus, Sorensen requests the Court to order the Defendants to disclose their
21
    claimed invalidating prior art within 60 days.
22

23
                              **FACTUAL SUMMARY**
24
          This patent infringement suit was filed on February 15, 2008 (Docket #1).
25
    The extended Answer date is April 24, 2008 (see Docket # 7).  It is anticipated that
26
    Defendant will make a pro forma affirmative defense and/or counterclaim for
27
    declaratory relief of patent invalidity without detail as have every other answering
28

1    defendant in these related cases. *Kramer Decl.* ¶ 3.

2      In July 2007 and December 2007, respectively, defendants in the related Black

3    & Decker case filed requests for *ex parte* reexamination of the '184 patent with the

4    USPTO. *Kramer Decl.* ¶ 4 and Exhibits A and B thereto. The prior art cited in the

5    second *ex parte* request contained several prior art references that had not been

6    disclosed to Sorensen in either of the parties' Preliminary Invalidity Contentions

7    served on February 2, 2007, nor the Amended Preliminary Invalidity Contentions

8    served on March 5, 2007, nor the first *ex parte* request. *Kramer Decl.* ¶ 5 and

9    Exhibits C and D thereto.

10      In the course of the present reexamination proceedings, Sorensen has, to their

11    knowledge, identified to the USPTO all claimed invalidating prior art identified to

12    Sorensen to date from any source. *Kramer Decl.* ¶ 6.

13      Although Sorensen has been in contact with Defendants in this case pre-

14    litigation regarding the '184 patent, none of the correspondence from Defendants

15    constitutes any type of binding assertion of all claimed prior art or other claimed

16    basis for invalidity of the '184 patent. Thus, Sorensen has been unable to ensure that

17    these Defendants' asserted invalidated prior art will be reviewed by the USPTO.

18    *Kramer Decl.* ¶ 7.

19

20              **ARGUMENT**

21    I.  THIS COURT HAS THE POWER TO ACCELERATE DEADLINES SET
22       FORTH IN THE LOCAL PATENT RULES, INCLUDING THE DEADLINE
   FOR PRELIMINARY INVALIDITY CONTENTIONS.

23      "The court may accelerate, extend, eliminate, or modify the obligations or

24    deadlines set forth in these Patent Local Rules based on the court's schedule or the

25    circumstances of any particular case, including, without limitation, the complexity of

26    the case or the number of patents, claims, products, or parties involved. . . ." Patent

27    L.R. 1.3.

28      The Patent L.R. set the deadline for parties opposing a claim of patent

1    infringement to serve Preliminary Invalidity Contentions not later than 60 days after
2    service of Preliminary Infringement Contentions upon them.  Patent L.R. 3.3, *et seq.*

3         The circumstances of this case, along with the 23 other pending '184 patent
4    cases, warrants acceleration of the deadline to disclose any asserted invalidating
5    prior art in time for those pieces of prior art to be reviewed by the USPTO within the
6    currently pending reexamination proceedings.

7
8    II.    ACCELERATION OF THE DEADLINE TO DISCLOSE CLAIMED
          INVALIDATING PRIOR ART WILL ALLOW CONCURRENT REVIEW
          OF ALL SUCH PRIOR ART BEFORE THE USPTO AND CONSERVE
9         RESOURCES.

10        Pursuant to 35 U.S.C. § 302, requests for reexamination of a patent may be
11   filed by "any person at any time . . . on the basis of any prior art cited under the
12   provisions of section 301 [patents or printed publications which that person believes
13   to have a bearing on the patentability of any claim of a particular patent] . . ."

14        The intent of having a reexamination process is to allow for a cost effective
15   alternative to litigation regarding the validity of a patent.  That goal is largely lost
16   when parties file successive reexamination requests (as has already been done with
17   the '184 patent) and is entirely lost if pending reexaminations can and will be
18   followed by successive judicial or USPTO validity challenges.   This problem
19   inherent in successive reexaminations was already noted by the USPTO in 2004.  In
20   explanation of certain rule changes, the USPTO stated:
21

22        It has been the Office's experience, however, that both patent owners
          and third party requesters have used a second or subsequent
23        reexamination request . . . to prolong the reexamination proceeding . . . .
          These actions by patent owners and third party requesters have resulted
24        in multiple reexaminations taking years to conclude, thus making it
          extremely difficult for the Office to conclude reexamination
25        proceedings with "special dispatch" as required by statute (35 U.S.C.
          305 for <u>ex parte</u> reexamination, 35 U.S.C. 314 <u>inter partes</u>
26        reexamination).
27

28

Case No. 08cv307 BTM CAB

1    See *Kramer Decl.* ¶ 8, Exhibit E thereto in the "Background" section.

2          In the *Black & Decker* case, the case had proceeded for almost a full year prior

3    to the filing of the first reexamination request (see Case No. 06cv1572, Docket #1 vs.

4    Docket #178).  Yet, despite two productions of preliminary invalidity contentions,

5    the defendants did not cite all of the prior art that was cited in a second

6    reexamination request.

7          Neither the Court nor Sorensen, and more importantly, the USPTO currently

8    conducting a reexamination of the '184 patent, know what prior art the Defendants in

9    this case may be asserted later as a basis to invalidate the '184 patent.

10          Unless the parties making a blanket claim of invalidity are required to

11    promptly identify all prior art that they believe might invalidate the '184 patent, the

12    stay-pending-reexamination benefit of "all prior art presented to the Court [having

13    been] first considered by the PTO" as set forth by the courts in *Emhart Indus., Inc. v.*

14    *Sankyo Seiki Mfg. Co.,* 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987); *Broadcast*, supra;

15    and this Court in the *Black & Decker* case, will be lost.

16

17                              **CONCLUSION**

18          Judicial efficiency will be greatly enhanced by acceleration of the deadline for

19    the Defendants in this case (and in all of the related '184 patent cases) to identify all

20    items of claimed invalidating prior art within the next 60 days.  This would allow

21    Sorensen to advise the USPTO of all prior art asserted to be invalidating

22    immediately.  The USPTO could then consider the prior art within the currently

23    pending reexamination proceedings.

24          This consolidation of efforts into the currently pending reexaminations will

25    reduce the likelihood of any further substantial delays on the issue of patent validity

26    after the pending reexamination proceedings are concluded.

27          Sorensen thus respectfully requests the Court to order the Defendants in this

28    case to identify to Sorensen all items of claimed invalidating prior art within 60 days.

1

2    RESPECTFULLY SUBMITTED this Friday, April 04, 2008.

3

4                                JENS ERIK SORENSEN, as Trustee of
                                 SORENSEN RESEARCH AND DEVELOPMENT
5                                TRUST, Plaintiff

6
                                 /s/ Melody A. Kramer
7                                _____
                                 Melody A. Kramer, Esq.
8                                J. Michael Kaler, Esq.
                                 Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    Case No. 08cv307 BTM CAB