H. Albert Richardson (Admitted *Pro Hac Vice*)
BLACK LOWE & GRAHAM
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Tel: (206) 381-3300
richardson@Blacklaw.com

Richard A. Clegg, SBN 211213
SELTZER CAPLAN MCMAHON VITEK
750 B St., Ste. 2100
San Diego, California 92101
Tel: (619) 685-3086
clegg@scmv.com

Attorneys for Defendant STAR ASIA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STAR ASIA USA, LLC; and DOES 1 to 100,<br><br>　　　　　　Defendants. | CASE NO. 08 CV 0307 BTM (CAB)<br><br>**DEFENDANT'S BRIEF IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE REGARDING STAY OF THIS CASE PENDING REEXAMINATION OF THE '184 PATENT**<br><br>Honorable Barry T. Moskowitz<br>Date: TBD<br>Time: TBD<br>Location: Courtroom 15 |

On April 25, 2008, the Court ordered the parties to show cause why this case should not be stayed pending reexamination of the patent-in-suit ("the 184 Patent"). Defendant, Star Asia USA, LLC ("Star Asia") submits that this case *should* be stayed pending the outcome of the '184 Patent's reexamination, and there is not any good cause for the case to continue until then.

1  This Court already stayed other pending cases involving the '184 Patent, in view of the patent's ongoing reexamination. As the Court noted when it stayed the *Sorensen v. Black & Decker* et al. case, 2:08-cv-00307-BTM (CAB):

> Courts have inherent power to stay an action pending conclusion of PTO reexamination proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). The decision whether to grant or deny a motion to stay proceedings pending PTO reexamination rests within the sound discretion of the court. *See, e.g., Photoflex Products, Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 U.S. Dist. LEXIS 37743, at *2-3 (N.D. Cal. May 24, 2006). There is a "liberal policy" in favor of granting motions to stay pending the outcome of PTO reexamination proceedings. *ASCII Corp. v. STD Entertainment USA, Inc.,* 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).
>
> In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and trial of the case. *See, e.g., Xerox Corp. v. 3Com Corp.,* 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

[Order dated September 19, 2007, Docket No. 243].

These factors warrant a stay in this case, even more so than in the other cases that have already been stayed. This case is at a very early stage. An early neutral evaluation (ENE) has not been conducted, a scheduling order has not been entered and discovery has not been commenced. A stay at this early stage would not cause any undue prejudice or disadvantage to the plaintiff. Finally, a stay would result in the simplification of issues in this case if any claims survive the reexamination, for the same reasons this Court described when it stayed the *Black & Decker* case.

Accordingly, defendant submits that there is no good cause for this case to continue until the ongoing reexamination of the '184 Patent has been concluded. The case should be stayed.

Respectfully submitted:

Dated: May 16, 2008                    SELTZER CAPLAN MCMAHON VITEK

By: /s/ Richard A. Clegg
    Richard A. Clegg
Attorneys for Defendant STAR ASIA USA, LLC