J. MICHAEL KALER, SBN 158296
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
Email: michael@kalerlaw.com

MELODY A. KRAMER, SBN 169984
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
Email: mak@kramerlawip.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>STAR ASIA USA, LLC; and DOES 1 to 100,<br><br>　　　　　　　Defendants. | Case No. 08 CV 307 BTM CAB<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE STAYED (DOCKET # 13)**<br><br>Opposition Date: May 16, 2008<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz<br><br>*NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT* |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

SUMMARY OF RESPONSE..................................................................................................1

FACTUAL SUMMARY ..........................................................................................................1

ARGUMENT............................................................................................................................2

I. THERE IS NO AUTHORITY FOR A PRESUMPTION OF STAY IN VIEW OF A PATENT REEXAMINATION ..................................................2

II. THE GRANT OF A REQUEST FOR REEXAMINATION IS NEITHER PROBATIVE OF UNPATENTABILITY, NOR DOES IT ESTABLISH A LIKELIHOOD OF PATENT INVALIDITY ........................3

III. NEITHER THE EXISTENCE OF REEXAMINATION PROCEEDINGS OF THE '184 PATENT, NOR THE STAY IN THE BLACK & DECKER CASE, PROVIDES ANY JUSTIFICATION FOR STAY OF THIS CASE................................................................................5

    A. The facts in this case are distinctly different from the facts in the *Black & Decker* case. ..........................................................................6

    B. Two reexaminations are pending now, instead of one, and there is no legal prohibition to additional ones being filed............................7

    C. It is unlikely that the reexaminations will conclude in a reasonable time ................................................................................7

IV. THE EXTENDED DELAY BEFORE REEXAMINATIONS ARE COMPLETED WILL LIKELY RESULT IN LOSS OF EVIDENCE AND PREJUDICE TO THE PLAINTIFF .......................................................9

CONCLUSION.......................................................................................................................10

APPENDIX A .........................................................................................................................12

APPENDIX B .........................................................................................................................15

# TABLE OF AUTHORITIES

<u>Cases</u>

*Acoustical Design, Inc. v. Control Elecs. Co.*, 932 F.2d 939, 942, 18 USPQ2d 1707, 1710 (Fed.Cir.) ........................................................................... 3

*ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D.Cal. 1994) ..................................................................................................... 2

*Blackboard, Inc. v. Desire2Learn, Inc.* Civil Action No. 9:06-CV-155 (E.D. Texas, 2008) ................................................................................................... 5

*Fresenius Medical Care Holdings, Inc. v. Baxter International, Inc.* 2007 WL 1655625 (N.D. Cal. 2007) ........................................................................ 6

*Hoechst Celanese Corp. v. BP Chemical Ltd.*, 78 F.3d 1575 (C.A.Fed. Tex. 1996) ............................................................................................................ 3

*Jain v. Trimas Corp.*, 2005 WL 2397041, at *1 (E.D. Cal. Sept. 27, 2005) ............................................................................................................................ 2

*KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *2 (N.D.Cal. Mar. 16, 2006) ................................................................................................. 2

*MercExchange, L.L.C. v. eBay, Inc.*, 500 F.Supp.2d 556, 562, 83 U.S.P.Q.2d 1688 (E.D.Va. Jul 27, 2007) ........................................................................ 5

*NTP, Inc. v. Research in Motion, Ltd.,* 397 F.Supp.2d 785, 787 (E.D.Va.2005) ......................................................................................................... 5

*Sorensen v. Lexar Media, Inc.*, Case No. 08CV00095, (N.D.Cal, April 30, 2008) ................................................................................................................. 5

*Soverain Software LLC v. Amazon.Com, Inc,* 356 F.Supp.2d 660, 662 (E.D.Tex.2005) ......................................................................................................... 6

*Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D.Cal. 2006) ................................................................................................................ 10

<u>Statutes</u>

35 U.S.C. § 302 ........................................................................................................ 8

35 U.S.C. § 303 ........................................................................................................ 3

## SUMMARY

This case should not be stayed because (1) there is no presumption of propriety of stay in this case; (2) the grant of a request for reexamination is neither probative of unpatentability nor does it establish a likelihood of patent invalidity[1]; (3) neither the existence of reexamination proceedings nor the stay in the Black & Decker case provide any justification to stay this case; (4) the extended delay will likely result in loss of evidence and prejudice to the Plaintiff.

## FACTUAL SUMMARY

The facts relating to this particular case are as follows. Plaintiff first learned of Defendant's alleged infringement in 2006. Thereafter, beginning in December 2006 and continuing into December 2007, the parties were engaged in communications regarding SRDT's allegations of infringement. *Kramer Decl.* ¶ 4. However, when Defendant learned of the existence of a reexamination, it refused to either continue negotiations or to sign a tolling agreement. *Kramer Decl.* ¶ 5. Thus, Plaintiff had no choice but to file suit and did so on February 15, 2008. *Kramer Decl.* ¶ 6.

Defendant filed an Answer (Docket # 11) and claimed only 4 affirmative defenses (lack of jurisdiction, improper venue, failure to state a cause of action, and an unspecified and undetailed claim that the patent is invalid). No counterclaims were asserted.

Defendant has not requested stay of this case (see Docket Report generally). On April 28, 2008, however, the Court, *sua sponte*, issued an Order to Show Cause why this case should not be stayed pending reexamination of the '184 patent.

---

[1] *Hoechst Celanese Corp. v. BP Chemical Ltd.*, 78 F.3d 1575 (C.A.Fed. Tex. 1996)

**ARGUMENT**

I. THERE IS NO AUTHORITY FOR A PRESUMPTION OF STAY IN VIEW OF A PATENT REEXAMINATION.

A court must weigh the parties competing interests **as presented by the specific facts of the case at bar**. *Jain v. Trimas Corp.*, 2005 WL 2397041, at *1 (E.D. Cal. Sept. 27, 2005) (emphasis added).

When determining the appropriateness of a stay pending reexamination, courts consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Ricoh Co. v. Aeroflex Inc.*, 2006 WL 3708069, at *2 (N.D.Cal. Dec. 14, 2006) (quoting *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D.Cal. 1994)); *see also Jain*, 2005 WL 2397041, at *1; *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *2 (N.D.Cal. Mar. 16, 2006).

As detailed above, the facts of the case at bar are that after Plaintiff was first on notice of Defendants' infringement, Plaintiff engaged in communications toward negotiating a resolution. Approximately one year later, a non-party to this case (but litigant in another infringement case relating to the same patent) filed a reexamination request with the PTO. Thereafter, Defendant refused to further discuss resolving this matter. Defendant also refused to sign a tolling agreement that would protect Plaintiff's damage claims. Plaintiff then filed this suit. Defendant has not asked for a stay, this case is not consolidated with any other cases involving the '184 patent, and there are no facts asserted in this particular case before the Court upon which a stay should be based.

II.   THE GRANT OF A REQUEST FOR REEXAMINATION IS NOT PROBATIVE OF UNPATENTABILITY, NOR DOES IT ESTABLISH A LIKELIHOOD OF PATENT INVALIDITY.

[T]he grant by the examiner of a request for reexamination is not probative of unpatentability. The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (*i.e.,* that a "substantial new question of patentability" has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity.[FN2] *See Acoustical Design, Inc. v. Control Elecs. Co.,* 932 F.2d 939, 942, 18 USPQ2d 1707, 1710 (Fed.Cir.) ("initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims"), *cert. denied,* 502 U.S. 863, 112 S.Ct. 185, 116 L.Ed.2d 146 (1991).

> FN2. The Annual Report of the Patent and Trademark Office for 1994 states that 89% of the reexamination requests were granted that year, but only 5.6% of the reexamined patents were completely rejected with no claims remaining after reexamination.

*Hoechst Celanese Corp. v. BP Chemical Ltd.*, 78 F.3d 1575 (C.A.Fed. Tex. 1996).

The criteria for the USPTO to accept a request for reexamination is not high.

A prior art patent or printed publication raises a substantial question of patentability where there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable. . . . **It is not necessary that a "*prima facie*" case of unpatentability exist as to the claim in order for a "substantial new question of patentability" to be present as to the claim.** Thus, "a substantial new question of patentability" as to a patent claim could be present even if the examiner would not necessarily reject the claim as either fully anticipated by, or obvious in view of, the prior art patents or printed publications. . . .

MPEP 2242 notes (emphasis in original).

It is easy to get the USPTO to reexamine a patent. The USPTO's "*Ex Parte Reexamination Filing Data – March 31, 2008*" report reflects 92% of ex parte

reexamination requests are granted. However, the same report shows that only 10% of reexaminations result in cancellation of all claims. *Kramer Decl.* ¶ 7, Exhibit A.

Defendant Star Asia has not requested a patent reexamination and has not indicated whether it even has any basis for its blanket affirmative defense of invalidity. Thus, there are no facts before this Court to indicate any meaningful connection between the pending reexamination and the specific issues in dispute between these two parties.

Other courts have refused to stay litigation based upon unfounded speculation that the patent would soon be invalidated.

> [A]ny attempt at suggesting a likely time frame and outcome of the PTO reexamination process is merely speculation. This Court cannot and will not grant [the requesting party] the extraordinary remedy of delaying these proceedings any further than they already have been based on conjecture.

*NTP, Inc. v. Research in Motion, Ltd.,* 397 F.Supp.2d 785, 787 (E.D.Va.2005) (emphasis added). See also *Blackboard, Inc. v. Desire2Learn, Inc.* Civil Action No. 9:06-CV-155 (E.D. Texas, 2008) which recently proceeded to a plaintiff's verdict despite e*x parte* and *inter partes* reexaminations that had been ordered 13 months previous in which no office actions had yet been issued. Other cases have reaffirmed that district courts are not obligated to issue stays, including *MercExchange, L.L.C. v. eBay, Inc.,* 500 F.Supp.2d 556, 562, 83 U.S.P.Q.2d 1688 (E.D.Va. Jul 27, 2007).

On April 30, 2008, a request to stay another '184 patent litigation was denied as follows:

> While the '184 Patent is in reexamination, the examiner at the PTO has not as of yet cancelled any claims or issued a final office action. [cite omitted] A reexamination may take up to several years to run its course. [cite omitted]. As of the 2007 (*sic*), the PTO determined that the average pendency of an *ex parte* reexamination is two years. (*Id*.) Appeals create potential for the process to take even longer. In that time, the Court could make substantial progress in interpreting the patent at issue and otherwise moving the action toward resolution.

*Sorensen v. Lexar Media, Inc.*, Case No. 08CV00095, (N.D.Cal, April 30, 2008), Docket #27, p. 2:5-13. A copy is attached to the *Request for Judicial Notice.*

Substantial progress can and should be made in this case as well during the pendency of the '184 reexaminations. Nothing is before the Court that impairs the validity or enforceability of the '184 patent. Stay of this case would thus be inappropriate.

III.  NEITHER THE EXISTENCE OF REEXAMINATION PROCEEDINGS OF THE '184 PATENT, NOR THE STAY IN THE BLACK & DECKER CASE, PROVIDES ANY JUSTIFICATION FOR STAY OF THIS CASE.

"A court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Fresenius Medical Care Holdings, Inc. v. Baxter International, Inc.* 2007 WL 1655625 (N.D. Cal. 2007).

"There is no *per se* rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *Soverain Software LLC v. Amazon.Com, Inc,* 356 F.Supp.2d 660, 662 (E.D.Tex.2005), quoted in *Fresenius, supra.*

This Court originally granted a stay pending reexamination in one '184 patent infringement case based upon the existence of a single request for reexamination, and an estimation that the reexamination would likely be completed within approximately two years. None of those grounds are applicable here. The facts of this case are distinctly different from the Black & Decker case. There are now two pending reexaminations, one filed five months after the first; and there is a growing body of evidence that it is unlikely that either reexamination will be resolved within a reasonable time.

A. The Facts In This Case Are Distinctly Different From The Facts In The *Black & Decker* Case.

This Court issued a stay of the *Black & Decker* case based upon the filing of a reexamination request from one defendant in that case. In the stay order in the Black & Decker case, the Court acknowledged that this reexamination placed Plaintiff at a "distinct disadvantage," but held Plaintiff responsible for the problem **because of facts specific to that case**.

> While Plaintiff is rightfully concerned that a reexamination in the twilight of his patent puts him at a distinct disadvantage, **he could have prevented this situation by filing suit many years ago**, thereby allowing sufficient time for any reexamination to occur before the patent expired.[2]

Order, Docket #243, page 7, lines 1-4 (emphasis added).

Unlike Black & Decker's assertion that Plaintiff could have filed suit earlier, in this case, Plaintiff could not have filed suit many years ago. Plaintiff's first notice of possible infringement was only slightly more than a year before suit was filed. During that intervening year, Plaintiff engaged in discussions targeted toward reaching an amicable resolution, filing suit only when Defendant terminated discussions and refused to sign a tolling agreement. Defendant has not asserted any laches claim.

The issuance of an order staying this case for the reasons stated in the *Black & Decker* order granting stay would not be appropriate because of the already acknowledged "distinct disadvantage" to Plaintiff that is not even arguably justified by any facts in this case.

---

[2] Plaintiff also notes that there is no legal requirement for a patent holder to "allow sufficient time" for an infringement defendant to file a reexamination request partway through litigation. If Black & Decker or any other accused infringer thought the '184 patent should be reexamined, they were free to do so at any time during the term of the patent, but did not do so.

     B.    <u>Two Reexaminations Are Pending Now, Instead Of One, And There Is No Legal Prohibition To Additional Ones Being Filed.</u>

"Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title." 35 U.S.C. § 302. Almost all (92%) reexamination requests are granted. If a second *ex parte* reexamination is ordered while a prior *ex parte* reexamination proceeding is pending, the two reexaminations may be merged. See MPEP 2283(c) (37 CFR 1.565).

No reexamination requests were made until 17 years into the life of the '184 patent, despite numerous lawsuits with regard to the '184 patent during that time. *Kramer Decl.* ¶ 8.

The *Black & Decker* case was stayed upon the filing of a single reexamination request and the estimate of two years to completion – until approximately July 2009. By filing a second reexamination request five months later, the *Black & Decker* defendants ensured that even the two-year estimate would likely be extended by at least five months – until approximately December 2009.

As to the '184 patent, one reexamination has now blossomed into two reexaminations, and there is no end in sight. Now, roughly ten months after the first reexamination request was filed, no first office action (the first substantive step of a reexamination) has yet issued, and there is no mandatory deadline for when the PTO is required to issue one. *Kramer Decl.* ¶ 9.

     C.    <u>It Is Unlikely That The Reexaminations Will Conclude In A Reasonable Time</u>.

Although the USPTO publishes statistics that suggest that the typical length of an *ex parte* reexamination is 18-24 months, there are telling indications that such statistics are not an accurate prediction of the length of these reexaminations, beyond the piggybacking of a second reexamination.

Well-known intellectual property attorney and law professor, Harold Wegner,

(and incidently, a partner at Foley & Lardner, attorneys for two defendants in the *Black & Decker* case), has been reported in the San Diego Intellectual Property Lawyers Association journal as stating that "today the average ex parte reexamination takes about 5 years (vs. the PTO's claim that it takes 2 years). If an appeal to the CAFC is involved, that extends the period to 7.7 years." *Kramer Decl.* ¶ 10.

Although neither Mr. Wegner nor the columnist who quoted him would share any further details with Plaintiff (*Kramer Decl.* ¶ 11), Plaintiff has begun research on its own and found many reexaminations that have substantially exceeded 2 years. Kramer Decl. ¶ 12. Some examples are the following:

| | |
|---|---|
| U.S. Patent No. 4,918,104 | Reexam request filed Oct. 2, 1990<br>Reexam certificate issued Feb. 19, 2008<br>= over 17 years |
| U.S. Patent No. 4,435,732 | Reexam requests filed Oct. 20, 1989<br>and Feb. 20, 1992<br>Reexam certificate issued May 2, 2006<br>= over 16 years |
| U.S. Patent No. 4,471,385 | Reexam requests filed Oct. 19, 1989<br>and Dec. 13, 1999<br>Reexam certificate issued Aug. 24, 2004<br>= over 14 years |

An additional non-comprehensive list of over 90 completed reexaminations that took in excess of seven years to complete is attached hereto as Appendix A..

Plaintiff's research has also discovered many reexaminations for which no certificate (marking completion of the reexamination) has yet issued after many years in the reexamination process. See Appendix B for a non-comprehensive list.

In addition, Plaintiff hereby incorporates its arguments contained in the Oppositions to Motion for Stay in related '184 patent cases[3] showing that it is

---

[3] *Sorensen v. Kyocera International, Inc., et al.*, Case No. 08cv411; *Sorensen v. Central*

unlikely that the pending reexaminations will be completed within a reasonable period of time, and certainly not within the 18-24 month typical pendency reported by the USPTO.

Not only are the existing reexaminations unlikely to be completed in a reasonable time, but there are no prohibitions barring additional reexamination requests from being filed.

IV. **THE EXTENDED DELAY BEFORE REEXAMINATIONS ARE COMPLETED WILL LIKELY RESULT IN LOSS OF EVIDENCE AND PREJUDICE TO THE PLAINTIFF.**

Motions to stay pending patent reexamination have been denied where the likely length of reexamination will serve to exacerbate the risk of lost evidence. *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D.Cal. 2006).

For the reasons explained in detail in the Oppositions to Motion for Stay in related '184 patent cases, incorporated herein by reference, the expected delay pending completion of the reexaminations is very likely to result in loss of evidence, and loss of the ability to timely name and identify all necessary defendants. **If Plaintiff is unable to identify defendants and others in possession of necessary evidence, there is no way to ensure that evidence will be preserved during the stay.**

---

*Purchasing, LLC, et al.*, Case No. 08cv309; *Sorensen v. Logitech, Inc., et al.*, Case No. 08cv308; *Sorensen v. Sunbeam Products, Inc., et al.*, Case No. 08cv306; *Sorensen v. CTT Tools, Inc., et al.*, Case No. 08cv231; *Sorensen v. Global Machinery Company, et al.*, Case No. 08cv233; *Sorensen v. Emissive Energy Corp., et al.*, Case No. 08cv234; *Sorensen v. Motorola, Inc., et al.*, Case No. 08cv0136; *Sorensen v. Ryobi Technologies, Inc., et al.*, Case No. 08cv0070; *Sorensen v. Emerson Electric Co., et al*, Case No. 08cv0060; *Sorensen v. Energizer Holdings, Inc., et al*, Case No. 07cv2321; *Sorensen v. Giant International, Inc., et al*, Case No. 07cv2121; *Sorensen v. Esseplast (USA) NC, Inc., et al*, Case No. 07cv2277; *Sorensen v. Helen of Troy Texas Corporation, et al*, Case No. 07cv2278; *Sorensen v. The Black & Decker Corporation, et al,* Case No. 06cv1572.

The Court has granted the parties the ability to request an exception to stay to preserve evidence. However, without having initial disclosures to identify critical witnesses and evidence, the parties are unable to request the preservation of evidence with sufficient specificity. Therefore, an order requiring that initial disclosures be exchanged is critical to implement the Court's plan for preserving evidence.

Lengthy reexamination proceedings and corresponding lengthy stays undermine the legislative mandate of "special dispatch," and also undermine the intent of the Local Patent Rules to get cases to claim construction within approximately nine months and trial within 18 months of filing. The Local Patent Rule timeframe cannot be satisfied if any stay based on a reexamination filed during a lawsuit is issued. Further, in those cases where the Defendants have alleged a laches claim (whether or not meritorious), the delay from a reexamination stay can only exacerbate the problems that the laches defense is intended to address.

A stay would be unduly prejudicial to the Plaintiff and subject Plaintiff to a clear tactical disadvantage.

## CONCLUSION

In the words of this Court, "Plaintiff is rightfully concerned that a reexamination in the twilight of his patent puts him at a distinct disadvantage . . . ." Issuance of a *sua sponte* order of stay this case would not be appropriate in light of the factors required to be considered by the Court, especially the acknowledged undue prejudice and clear tactical disadvantage to Plaintiff.

The law does not provide any presumption of propriety of a stay of a patent infringement pending reexamination of a patent, and certainly no requirement for such a stay. The grant of the *Black & Decker* defendants' reexamination requests are not probative of unpatentability nor do they establish a likelihood of patent invalidity. The evidence does not support a conclusion that these reexaminations will be concluded in a reasonable time.

1   A stay under these circumstances would be a denial of a patent holder's right
2 to obtain timely redress before a federal court for infringement of a valid,
3 enforceable patent.

5 RESPECTFULLY SUBMITTED this Friday, May 16, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer
_____
J. Michael Kaler, Esq.
Melody A. Kramer, Esq.
Attorneys for Plaintiff

# APPENDIX A

Non-Comprehensive List Of Reexaminations Lasting In Excess Of 7 Years
From Filing To Issuance Of Certificate

| Reexam Control No. | Years to Complete |
|---|---|
| 90/000,342 | 8.1 |
| 90/000,365 | 9.5 |
| 90/000,383 | 8.9 |
| 90/000,523 | 10.2 |
| 90/000,843 | 7.3 |
| 90/001,049 | 6.7 |
| 90/001,089 | 7.0 |
| 90/001,165 | 12.4 |
| 90/001,169 | 7.8 |
| 90/001,235 | 7.8 |
| 90/001,391 | 8.1 |
| 90/001,397 | 7.2 |
| 90/001,544 | 7.3 |
| 90/001,554 | 10.6 |
| 90/001,669 | 10.2 |
| 90/001,772 | 9.8 |
| 90/001,811 | 7.3 |
| 90/001,867 | 14.9 |
| 90/001,869 | 12.7 |
| 90/001,876 | 16.5 |
| 90/001,886 | 7.4 |
| 90/002,107 | 7.5 |
| 90/002,125 | 7.3 |
| 90/002,154 | 17.4 |
| 90/002,339 | 8.1 |
| 90/002,534 | 7.7 |
| 90/002,541 | 12.7 |
| 90/002,641 | 14.2 |
| 90/002,696 | 7.3 |
| 90/002,797 | 7.4 |
| 90/002,901 | 7.8 |
| 90/002,920 | 9.5 |
| 90/002,980 | 9.3 |

| | | |
|---|---|---|
| 1 | 90/003,101 | 7.4 |
| 2 | 90/003,184 | 7.8 |
|   | 90/003,228 | 8.6 |
| 3 | 90/003,232 | 8.6 |
| 4 | 90/003,233 | 8.6 |
|   | 90/003,270 | 8.6 |
| 5 | 90/003,346 | 7.2 |
| 6 | 90/003,463 | 11.7 |
|   | 90/003,486 | 8.0 |
| 7 | 90/003,488 | 8.2 |
| 8 | 90/003,487 | 7.9 |
|   | 90/003,612 | 8.3 |
| 9 | 90/003,646 | 7.6 |
| 10 | 90/003,655 | 7.0 |
|   | 90/003,669 | 8.1 |
| 11 | 90/003,679 | 7.5 |
| 12 | 90/003,684 | 10.9 |
|   | 90/003,765 | 7.4 |
| 13 | 90/003,782 | 7.9 |
| 14 | 90/003,791 | 7.3 |
|   | 90/003,885 | 12.5 |
| 15 | 90/003,911 | 11.2 |
| 16 | 90/003,991 | 7.4 |
|   | 90/003,996 | 10.2 |
| 17 | 90/003,998 | 10.7 |
| 18 | 90/004,127 | 9.1 |
|   | 90/004,138 | 10.7 |
| 19 | 90/004,176 | 9.1 |
| 20 | 90/004,248 | 8.6 |
|   | 90/004,385 | 8.1 |
| 21 | 90/004,386 | 8.1 |
| 22 | 90/004,403 | 8.4 |
|   | 90/004,442 | 8.1 |
| 23 | 90/004,518 | 8.7 |
| 24 | 90/004,524 | 7.5 |
|   | 90/004,529 | 7.1 |
| 25 | 90/004,574 | 7.8 |
| 26 | 90/004,583 | 9.0 |
|   | 90/004,672 | 8.7 |
| 27 | 90/004,698 | 8.0 |
| 28 | 90/004,782 | 7.9 |

| | |
|---|---|
| 90/004,783 | 7.1 |
| 90/004,794 | 7.4 |
| 90/004,834 | 8.8 |
| 90/004,922 | 7.2 |
| 90/004,933 | 9.6 |
| 90/004,934 | 7.4 |
| 90/004,947 | 7.4 |
| 90/004,970 | 7.3 |
| 90/004,998 | 7.5 |
| 90/005,020 | 7.3 |
| 90/005,024 | 7.2 |
| 90/005,060 | 7.6 |
| 90/005,061 | 7.4 |
| 90/005,062 | 7.7 |
| 90/005,116 | 7.1 |
| 90/005,147 | 8.9 |
| 90/005,212 | 7.5 |

# APPENDIX B

Non-Comprehensive List Of Uncompleted Reexaminations
Already Pending In Excess Of 7 Years From Filing

| Reexam Control No. | Years Pending[4] |
|---|---|
| 90/004,314 | 11.7 |
| 90/005,546 | 8.3 |
| 90/005,708 | 7.3 |
| 90/005,694 | 7.9 |
| 90/004,950 | 9.9 |
| 90/005,090 | 9.1 |
| 90/005,200 | 9.1 |
| 90/005,401 | 8.4 |
| 90/005,510 | 8.4 |
| 90/005,728 | 7.5 |
| 90/005,220 | 9.1 |
| 90/004,946 | 10.0 |
| 90/003,586 | 12.1 |
| 90/005,571 | 7.5 |
| 90/004,396 | 11.5 |
| 90/005,117 | 9.5 |
| 90/005,368 | 8.8 |
| 90/005,937 | 7.0 |
| 90/005,525 | 8.2 |
| 90/005,592 | 8.2 |
| 90/005,628 | 8.1 |
| 90/005,727 | 7.8 |
| 90/005,509 | 8.5 |
| 90/005,589 | 7.8 |
| 90/005,292 | 9.1 |
| 90/005,710 | 7.8 |

---

[4] Years pending has been calculated from the filing date to the date of the most recent event in the case and has not been corrected for additional passage of time since the last event, therefore, the actual pendency is longer than that listed.

# PROOF OF SERVICE

I, J. Michael Kaler, declare:  I am and was at the time of this service working within in the County of San Diego, California.  I am over the age of 18 year and not a party to the within action.  My business address is the Kaler Law Offices, 9937.30 Mesa Rim Road, Suite 200, San Diego, California, 92121.

On Friday, May 16, 2008, I served the following documents:

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE STAYED (DOCKET # 13)

DECLARATION OF MELODY A. KRAMER IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE STAYED (DOCKET # 13)

REQUEST FOR JUDICIAL NOTICE RE ORDER TO SHOW CAUSE IN OPPOSITION TO STAY

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| H. Albert Richardson<br>Black Lowe & Graham<br>701 Fifth Avenue, Ste. 4800<br>Seattle, WA  98104<br>206-381-3300<br>richardson@blacklaw.com | Star Asia, U.S.A., LLC | Email - Pleadings Filed with the Court via ECF |
| Richard A. Clegg<br>Seltzer Caplan McMahon Vitek<br>750 B St., Ste. 2100<br>San Diego, CA  92101<br>619-685-3086<br>clegg@scmv.com | Star Asia, U.S.A., LLC | Email - Pleadings Filed with the Court via ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by

16.

Case No. 08CV307BTM CAB

| | |
|---|---|
| 1 | facsimile machine to the above noted addressees.  The facsimile transmissions were reported as complete and without error. |
| 2 | |

3   ☐   (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

5   ☒   (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

7   ☐   (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

9   I declare that the foregoing is true and correct, and that this declaration was executed on Friday, May 16, 2008, in San Diego, California.

			/s/ J. Michael Kaler
			―――――――――――――――――
			J. Michael Kaler

17.

Case No. 08CV307BTM CAB