J. MICHAEL KALER, SBN 158296
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
Email: michael@kalerlaw.com

MELODY A. KRAMER, SBN 169984
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
Email: mak@kramerlawip.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br>v.<br>STAR ASIA USA, LLC; and DOES 1 to 100,<br><br>Defendants. | Case No. 08 CV 307 BTM CAB<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE STAYED (DOCKET # 13)**<br><br>Opposition Date: May 16, 2008<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz<br><br>*NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT* |

1  PLAINTIFF Jen Erik Sorensen, as Trustee of Sorensen Research and
2  Development Trust ("SRDT") respectfully requests the Court to take judicial notice
3  of the following documents in support of Plaintiff's Response To Order To Show
4  Cause Why Case Should Not Be Stayed (Docket # 13):

6  Exhibit B   *Sorensen v. Lexar Media, Inc.*, Case No. 08CV00095, (N.D.Cal,
7               April 30, 2008), Docket #27
8  Exhibit C   MPEP 2242
9  Exhibit D   MPEP 2283(c)

11 Courtesy copies are attached hereto.

13 DATED this Friday, May 16, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ J. Michael Kaler
———————————————————
J. Michael Kaler, Esq.
Attorney for Plaintiff

## TABLE OF EXHIBITS

Exhibit B .................................................................................................. 4

Exhibit C .................................................................................................. 7

Exhibit D ................................................................................................ 13

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jens Erik Sorensen,<br><br>　　　　Plaintiff,<br>　v.<br><br>Lexar Media, Inc.,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | NO. C 08-00095 JW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY** |

Plaintiff Jens Erik Sorensen brings this action as trustee of Sorensen Research and Development Trust, alleging that Defendant Lexar Media, Inc.'s "Jump Drive" product infringes U.S. Patent No. 4,935,184 (the "'184 Patent"). The '184 Patent discloses, *inter alia*, a method for forming injection molded plastic. Before the Court is Defendant's Motion to Stay. (hereafter, "Motion," Docket Item No. 12.) The Court found the motion appropriate for submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Defendant's Motion to Stay.

Defendant moves to stay pending the outcome of a reexamination of the '184 Patent on the grounds that a stay will conserve judicial resources and avoid prejudice to Defendant. (Motion at 3.) Plaintiff contends that a stay will result in undue delay in resolving the issues in this case. (Plaintiff's Opposition to Defendant's Motion to Stay at 5, Docket Item No. 18.)

A court has broad discretion to stay an action before it, pending resolution of other proceedings. Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). This authority includes the discretion to stay an action pending the outcome of reexamination

proceedings at the United States Patent and Trademark Office ("PTO"). Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). However, "[t]he court is not required to stay judicial resolution in view of the reexaminations." Viskase Corp. v. American Nat. Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001).

In this case, Defendant has not made a sufficient showing to warrant a stay. While the '184 Patent is in reexamination, the examiner at the PTO has not as of yet cancelled any claims or issued a final office action. (Declaration of Joseph H. Lee in Support of Defendant's Motion to Stay, Ex. C, Docket Item No. 13.) A reexamination may take up to several years to run its course. (Id., Ex. F [PTO *Ex Parte* Reexamination Filing Data, December 31, 2007] at 2.) As of the 2007, the PTO determined that the average pendency of an *ex parte* reexamination is two years. (Id.) Appeals create potential for the process to take even longer. In that time, the Court could make substantial progress in interpreting the patent at issue and otherwise moving the action toward resolution.

Accordingly, the Court DENIES Defendant's Motion to Stay at this time. The parties shall attend the case management conference currently set for **June 2, 2008 at 10 a.m.** to discuss a schedule for this case. Pursuant to the Patent Local Rules, the parties shall file a Joint Case Management Statement on or before **May 23, 2008.**

In light of this Order, the hearing on the motion presently scheduled for May 5, 2008 is VACATED.

Dated: April 30, 2008

JAMES WARE
United States District Judge

2

EXHIBIT B - 5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

James Michael Kaler michael@kalerlaw.com
Jared Bobrow jared.bobrow@weil.com
Melody Ann Kramer mak@kramerlawip.com

**Dated: April 30, 2008**              **Richard W. Wieking, Clerk**

                                            **By:  /s/ JW Chambers**
                                                 **Elizabeth Garcia**
                                                 **Courtroom Deputy**

**United States District Court**
For the Northern District of California



United States Patent and Trademark Office

**PATENTS**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *e*Business | eBiz alerts | News | Help

**Patents** > **Search Colections** > **MPEP** > 2242 Criteria for Deciding Request [R-5] - 2200 Citation of Prior Art and Ex Parte Reexamination of Patents

Go to **MPEP - Table of Contents**

**browse before**

## 2242 Criteria for Deciding Request [R-5] - 2200 Citation of Prior Art and Ex Parte Reexamination of Patents

## 2242 Criteria for Deciding Request [R-5]

### I.  SUBSTANTIAL NEW QUESTION OF PATENTABILITY

The presence or absence of "a substantial new question of patentability" determines whether or not reexamination is ordered. The meaning and scope of the term "a substantial new question of patentability" is not defined in the statute and must be developed to some extent on a case-by-case basis, using the case law to provide guidance as will be discussed in this section.

If the prior art patents and printed publications raise a substantial question of patentability of at least one claim of the patent, then a substantial <u>new</u> question of patentability is present, unless the same question of patentability has already been decided by (A) a final holding of invalidity, after all appeals, or (B) by the Office in a previous examination or pending reexamination of the patent. A "previous examination" of the patent is: (A) the original examination of the application which matured into the patent; (B) the examination of the patent in a reissue application that has resulted in a reissue of the patent; or (C) the examination of the patent in an earlier >pending or< concluded reexamination. The answer to the question of whether a "substantial new question of patentability" exists, and therefore whether reexamination may be had, is decided by the Director of the USPTO, and, as **35 U.S.C. 303** provides, that determination is final, i.e., not subject to appeal on the merits of the decision. See *In re Etter*, 756 F.2d 852, 225 USPQ 1 (Fed. Cir. 1985). But see *Heinl v. Godici*, 143 F.Supp.2d 593, 596-98 (E.D.Va. 2001) (35 U.S.C. 303 addresses only USPTO decisions to <u>deny</u> a request for reexamination and does not bar review of >*ultra vires*< USPTO decisions to <u>grant</u> reexamination requests. However, a decision to grant a reexamination request is not a final agency decision and is not ordinarily subject to judicial review.).

A prior art patent or printed publication raises a substantial question of patentability where there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable. If the prior art patents and/or publications would be considered important, then the examiner should find "a substantial new question of patentability" unless the same question of patentability has already been decided

EXHIBIT C - 7

as to the claim in a final holding of invalidity by the Federal court system or by the Office in a previous examination. For example, the same question of patentability may have already been decided by the Office where the examiner finds the additional (newly provided) prior art patents or printed publications are merely cumulative to similar prior art already fully considered by the Office in a previous examination of the claim.

For "a substantial new question of patentability" to be present, it is only necessary that: (A) the prior art patents and/or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the (prior art) patents and printed publications is such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim is patentable; and (B) the same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim. It is not necessary that a "*prima facie*" case of unpatentability exist as to the claim in order for "a substantial new question of patentability" to be present as to the claim. Thus, "a substantial new question of patentability" as to a patent claim could be present even if the examiner would not necessarily reject the claim as either fully anticipated by, or obvious in view of, the prior art patents or printed publications. As to the importance of the difference between "a substantial new question of patentability" and a "*prima facie*" case of unpatentability see generally *In re Etter,* 756 F.2d 852, 857 n.5, 225 USPQ 1, 4 n.5 (Fed. Cir. 1985).

Where a request for reexamination of a patent is made before the conclusion of an earlier filed reexamination proceeding pending (ongoing) for that patent, the substantial new question of patentability may be raised with respect to any new or amended claim which has been proposed under 37 CFR **1.530**(d) in the pending reexamination proceeding. The substantial new question may be directed to any proposed new or amended claim in the pending reexamination, to permit examination of the entire patent package. It would be a waste of resources to prevent addressing the proposed new or amended claims, by requiring parties to wait until the certificate issues for the proposed new or amended claims, and only then to file a new reexamination request challenging the claims as revised via the certificate. This also prevents a patent owner from simply amending all the claims in some nominal fashion to preclude a subsequent reexamination request during the pendency of the reexamination proceeding.

## II. POLICY IN SPECIFIC SITUATIONS

In order to further clarify the meaning of "a substantial new question of patentability" certain situations are outlined below which, if present, should be considered when making a decision as to whether or not "a substantial new question of patentability" is present.

**A.    Prior Favorable Decisions by the U.S. Patent and Trademark Office (Office) on the Same or Substantially Identical Prior Art in Relation to the Same Patent.**

A "substantial new question of patentability" is not raised by prior art presented in a reexamination request if the Office has previously considered (in an earlier

EXHIBIT C - 8

examination of the patent) the same question of patentability as to a patent claim favorable to the patent owner based on the same prior art patents or printed publications. *In re Recreative Technologies*, 83 F.3d 1394, 38 USPQ2d 1776 (Fed. Cir. 1996).

In deciding whether to grant a request for reexamination of a patent, the examiner should check the patent's file history to ascertain whether any of the prior art now advanced by requester was previously cited/considered in an earlier * Office examination of the patent (e.g., in the examination of the application for the patent>, or in a concluded or pending reexamination proceeding<). For the sake of expediency, such art is referred to as "old art" throughout, since the term "old art" was coined by the Federal Circuit in its decision of *In re Hiniker*, 150 F.3d 1362,1365-66, 47 USPQ2d 1523, 1526 (Fed. Cir. 1998).

In a decision to order reexamination made on or after November 2, 2002, reliance on old art does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. See Public Law 107-273, 116 Stat. 1758, 1899-1906 (2002), which expanded the scope of what qualifies for a substantial new question of patentability upon which a reexamination may be based. Determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis. For example, a SNQ may be based solely on old art where the old art is being presented/viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination(s), in view of a material new argument or interpretation presented in the request.

When it is determined that a SNQ based solely on old art is raised, form paragraph **22.01.01** should be included in the order for reexamination.

**\*\*>**

**¶ 22.01.01 Criteria for Applying "Old Art" as Sole Basis for Reexamination**

The above **[1]** is based solely on patents and/or printed publications already cited/considered in an earlier concluded examination of the patent being reexamined. On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. **303(a)** and **312(a)**:

"The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office."

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art, i.e., "old art," does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis.

EXHIBIT C - 9

In the present instance, there exists a SNQ based solely on **[2]**. A discussion of the specifics now follows:

**[3]**

**Examiner Note**

1. In bracket 1, insert "substantial new question of patentability" if the present form paragraph is used in an order granting reexamination (or a TC or CRU Director's decision on petition of the denial of reexamination). If this form paragraph is used in an Office action, insert "ground of rejection".

2. In bracket 2, insert the old art that is being applied as the sole basis of the SNQ. For example, "the patent to Schor" or "the patent to Schor when taken with the Jones publication" or "the combination of the patent to Schor and the Smith publication" could be inserted. Where more than one SNQ is presented based solely on old art, the examiner would insert all such bases for SNQ.

3. In bracket 3, for each basis identified in bracket 2, explain how and why that fact situation applies in the proceeding being acted on. The explanation could be for example that the old art is being presented/viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination(s), in view of a material new argument or interpretation presented in the request. See *Ex parte Chicago Rawhide Mfg. Co.*, 223 USPQ 351 (Bd. Pat. App. & Inter. 1984).

4. This form paragraph is only used the first time the "already cited/considered" art is applied, and is not repeated for the same art in subsequent Office actions.

<

See MPEP § **2258.01** for a discussion of the use of "old art" in the examination stage of an ordered reexamination (as a basis for rejecting the patent claims).

**B.   Prior Adverse Decisions by the Office on the Same or Substantially Identical Prior Art in the Same Patent.**

A prior decision adverse to the patentability of a claim of a patent by the Office based upon prior art patents or printed publications would usually mean that "a substantially new question of patentability" is present. Such an adverse decision by the Office could, for example, arise from a reissue application which was abandoned after rejection of the claim and without disclaiming the patent claim.

**C.   Prior Adverse Reissue Application Final Decision by the Director of the USPTO or the Board of Patent Appeals and Interferences Based Upon Grounds Other Than Patents or Printed Publications.**

Any prior adverse final decision by the Director of the USPTO or the Board of Patent Appeals and Interferences, on an application seeking to reissue the same patent on which reexamination is requested will be considered by the examiner when determining whether or not a "substantial new question of patentability" is

EXHIBIT C - 10

present. To the extent that such prior adverse final decision was based upon grounds other than patents or printed publications, the prior adverse final decision will not be a basis for determining whether or not a "substantial new question of patentability" is present.

**D. Prior Favorable or Adverse Decisions on the Same or Substantially Identical Prior Art Patents or Printed Publications in Other Cases not Involving the Patent.**

While the Office would consider decisions involving substantially identical patents or printed publications in determining whether a "substantial new question of patentability" is raised, the weight to be given such decisions will depend upon the circumstances.

**III. POLICY WHERE A FEDERAL COURT DECISION HAS BEEN ISSUED ON THE PATENT**

**A. Final Holding of Validity by the Courts.**

When the initial question as to whether the prior art raises a substantial new question of patentability as to a patent claim is under consideration, the existence of a final court decision of claim *validity* in view of the same or different prior art does not necessarily mean that no new question is present, because of the different standards of proof employed by the Federal District Courts and the Office. While the Office may accord deference to factual findings made by the district court, the determination of whether a substantial new question of patentability exists will be made independently of the court's decision on validity, because it is not controlling on the Office.

**B. Nonfinal Holding of Invalidity or Unenforceability by the Courts.**

A *nonfinal* holding of claim *invalidity* or unenforceability will not be controlling on the question of whether a substantial new question of patentability is present.

**C. Final Holding of Invalidity or Unenforceability by the Courts.**

A *final* holding of claim *invalidity* or unenforceability, after all appeals, is controlling on the Office. In such cases, a substantial new question of patentability would *not* be present as to the claims finally held invalid or unenforceable.

As to *A. - C.* above, see *Ethicon v. Quigg*, 849 F.2d 1422, 7 USPQ2d 1152 (Fed. Cir. 1988).

Any situations requiring clarification should be brought to the attention of the Office of Patent Legal Administration.

**browse after**

*The **Inventors Assistance Center** is available to help you on patent matters.Send questions about USPTO programs and services to the **USPTO Contact Center (UCC)**. You can suggest USPTO webpages or material you would like featured on this section by E-mail to the **webmaster@uspto.gov**. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.*

| .**HOME** | **SITE INDEX**| **SEARCH** | **eBUSINESS** | **HELP** | **PRIVACY POLICY**

Last Modified: 12/05/2006 09:38:09

Go to **MPEP - Table of Contents**



United States Patent and Trademark Office

**PATENTS**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *e*Business | eBiz alerts | News | Help

**Patents** > **Search Colections** > **MPEP** > 2283 Multiple Copending - 2200 Citation of Prior Art and Ex Parte Reexamination of Patents

Go to **MPEP - Table of Contents**

**browse before**

## 2283 Multiple Copending - 2200 Citation of Prior Art and Ex Parte Reexamination of Patents

### 2283 Multiple Copending *Ex Parte* Reexamination Proceedings [R-5]

**37 CFR 1.565 Concurrent Office proceedings which include an ex parte reexamination proceeding.**

*\*\*\*\*\**

(c) If *ex parte* reexamination is ordered while a prior *ex parte* reexamination proceeding is pending and prosecution in the prior *ex parte* reexamination proceeding has not been terminated, the *ex parte* reexamination proceedings will be consolidated and result in the issuance of a single certificate under § **1.570**. For merger of *inter partes* reexamination proceedings, see § **1.989(a)**. For merger of *ex parte* reexamination and *inter partes* reexamination proceedings, see § **1.989(b)**.

*\*\*\*\*\**

This section discusses multiple copending reexamination requests which are filed on the same patent, where none of the requests is an *inter partes* request. If one of the multiple copending reexamination requests is an *inter partes* request, see MPEP § **2686.01**.

In order for a second or subsequent request for *ex parte* reexamination to be granted, a substantial new question of patentability must be raised by the art (patents and/or printed publications) cited in the second or subsequent request for reexamination. MPEP § **2240** provides a discussion as to whether a substantial new question of patentability is raised by the prior art cited in a second or subsequent request for reexamination filed while a reexamination proceeding is pending.

If the second or subsequent request is granted, the decision on whether or not to combine the proceedings will be made by the \*\*>Central Reexamination Unit (CRU)< Director where the reexamination is pending. The \*>CRU< Director may delegate

EXHIBIT D - 13

this to the * Special Program Examiner (SPRE). No decision on combining the reexaminations should be made until reexamination is actually ordered in the later filed request for reexamination.

**I.   PROCEEDINGS MERGED**

If a second request for reexamination is filed **>prior to the issuance of a Notice of Intent to Issue a Reexamination Certificate for the first reexamination proceeding, the proceedings generally will be merged. In this situation, the second request is decided based on the original patent claims, and if reexamination is ordered, the reexamination proceedings generally would be merged.<

After the patent owner and second requester have been given an opportunity to file a statement and reply, respectively, the second reexamination proceeding >generally< will be merged with the first reexamination proceeding, and prosecution will then continue at the most advanced point possible for the first proceeding. It should be noted that if a final rejection has been issued in the first proceeding, prosecution will be ordinarily be reopened where any of the new patents or printed publications presented in the second request are applied to the merged proceeding in a new ground of rejection.

The patent owner will be provided with an opportunity to respond to any new rejection in a merged reexamination proceeding prior to the action being made final. See **MPEP § 2271**. If the reexamination proceedings are merged, a single certificate will be issued based upon the merged proceedings, **37 CFR 1.565(c)**.

**II.   WHEN PROCEEDING IS SUSPENDED**

It may also be desirable in certain situations to suspend a proceeding for a short and specified period of time. For example, a suspension of a first reexamination proceeding may be issued to allow time for the patent owner's statement and the requester's reply in a second proceeding prior to merging. Further, after the second proceeding *has been ordered*, it may be desirable to suspend the second proceeding where the first proceeding is presently on appeal before a Federal court to await the court's decision prior to merging. A suspension will only be granted in extraordinary instances, because of the statutory requirements that examination proceed with "special dispatch." The express written approval of the *>CRU or Technology Center (TC)< Director must be obtained. Suspension will <u>not</u> be granted when there is an outstanding Office action.

**III.   MERGER OF REEXAMINATIONS**

The following guidelines should be observed when two requests for reexamination directed to a single patent have been filed.

The second request (i.e., Request 2) should be processed as quickly as possible and assigned to the same examiner to whom the first request (i.e., Request 1) is assigned. Request 2 should be decided immediately without waiting the usual period (e.g., for submission of art). If Request 2 is denied, *ex parte* prosecution of Request 1 should continue. If Request 2 is granted, the order in the second

EXHIBIT D - 14

proceeding should be mailed immediately. The two requests should be held in storage until the patent owner's statement and any reply by the requester have been received in Request 2, or until the time for filing same expires. Then, the *>CRU< Director or the *>CRU< Director's delegate will prepare a decision *>whether to merge< the two proceedings.

*>A< decision by the *>CRU< Director *>to merge< the reexamination proceedings should include a requirement that the patent owner maintain identical claims in both files. It will further require that responses by the patent owner, and any other paper filed in the merged proceeding, must consist of a single response, addressed to both files, filed in duplicate, each bearing a signature and containing identifying data for both files, for entry in both files. The decision will point out that both files will be maintained as separate complete files. Where the claims are not the same in both files, the decision of merger will indicate at its conclusion that the patent owner is given 1 month to provide an amendment to make the claims the same in each file. Where the claims are already the same in both files, the decision will indicate at its conclusion that an Office action will be mailed in due course, and that the patent owner need not take any action at present. The decision of merger will be mailed immediately.

Where the merger decision indicates that an Office action will follow, the merged proceeding is returned to the examiner immediately after the decision to issue an Office action. Where the merger decision indicates that the patent owner is given 1 month to provide an amendment to make the claims the same in each file (identical amendments to be placed in all files), the Office of the * SPRE will retain jurisdiction over the merged reexamination proceeding to await submission of the amendment or the expiration of the time to submit the amendment. After the amendment is received and processed by the technical support staff or the time for submitting the amendment expires, the merged proceeding will be returned to the examiner to issue an Office action.

Once the merged proceeding is returned to the examiner for issuance of an Office action, the examiner should prepare an Office action at the most advanced point possible for the first proceeding. Thus, if the first proceeding is ready for a final rejection and the second proceeding does not provide any new information which would call for a new ground of rejection, the examiner should issue a final rejection for the merged proceeding using the guidelines for the prosecution stage set forth below.

If the *ex parte* prosecution stage has not yet begun in Request 1 when Request 2 is received, Request 1 should be processed to the point where it is ready for *ex parte* prosecution. Then, Request 1 is normally held until Request 2 is granted and is ready for *ex parte* action following the statement and reply. Thereafter, the two proceedings would be merged. However, if Request 2 is denied, there would be no merger and prosecution will be carried out solely on Request 1. Note that Request 2 should be determined on its own merits and should not rely on nor refer to the decision issued in Request 1.

In the event that an amendment to make the claims the same in each file is required by the merger decision (identical amendments to be placed in all files) but

EXHIBIT D - 15

is not timely submitted, any claim that does not contain identical text in all of the merged proceedings should be rejected under 35 U.S.C. **112**, second paragraph, as being indefinite as to the content of the claim, and thus failing to particularly point out the invention.

### IV.  THE PROSECUTION STAGE, AFTER MERGER

When prosecution is appropriate in merged proceedings, a single combined examiner's action will be prepared. Each action will contain the control number of the two proceedings on every page. A single action cover form (having both control numbers penned in at the top) will be provided by the examiner to the clerical staff. The clerical staff will copy the action cover form, and then use the PALM printer to print the appropriate data (A) on the original for the first request and (B) on the copy for the second request. Each requester will receive a copy of the action and both action cover forms, with the transmission form PTOL-465 placed on top of the package. The patent owner will get a copy of both action cover forms and the action itself.

When a "Notice Of Intent To Issue *Ex Parte* Reexamination Certificate" (NIRC) is appropriate, plural notices will be printed. Both reexamination files will then be processed. The TC >or the CRU< should prepare the file of the concurrent proceedings in the manner specified in **MPEP § 2287** before release to Office of Publications.

The above guidelines should be extended to those situations where more than two requests for reexamination are filed for a single patent.

### V.  PROCEEDINGS NOT MERGED

**\*>Pursuant to 35 U.S.C. 305**, "[a]ll reexamination proceedings under this section… will be conducted with special dispatch within the Office." This statutory provision is grounded on the need for certainty and finality as to the question of patentability raised by the request for reexamination. Thus, if a second request for reexamination is filed after the issuance of a Notice of Intent to Issue a Reexamination Certificate for the first reexamination proceeding, the two proceedings generally will not be merged. If the Office were to merge the two processings, the first reexamination proceeding would need to be withdrawn from its processing for ultimate publication of a reexamination certificate, thus delaying, instead of advancing, prosecution. This would run contrary to the statutory "special dispatch" requirement of 35 U.S.C. **305** and its intent. On the other hand, if the Office does not merge, the first reexamination proceeding can be concluded, and any substantial new question of patentability raised by the second reexamination request can be resolved in the second proceeding, with no delay resulting. The second request is then considered based on the claims in the patent as indicated in the issued reexamination certificate, rather than the original claims of the patent. However, the Office always retains the authority to merge because in some instances, it may be more efficient to merge the two proceedings, which would foster "special dispatch."

Even prior to the issuance of a Notice of Intent to Issue a Reexamination Certificate

EXHIBIT D - 16

for the first reexamination proceeding, there are instances where the Office does not merge an ongoing reexamination proceeding with a subsequent reexamination proceeding, which instances are addressed on a case-by-case basis. For example: If an ongoing reexamination proceeding is ready for decision by the Board of Patent Appeals and Interferences, or is on appeal to the U.S. Court of Appeals for the Federal Circuit, it would be inefficient (and contrary to the statutory mandate for special dispatch) to "pull back" the ongoing reexamination proceeding for merger with a subsequent reexamination. As another example, an ongoing reexamination proceeding might be directed to one set of claims for which a first accused infringer (with respect to the first set) has filed the ongoing request for reexamination. A later reexamination request might then be directed to a different set of claims for which a second accused infringer (with respect to the second set) has filed the request. (See MPEP § **2240** regarding reexamination of fewer than all the patent claims.) In this instance, where there are simply no claims in common, merger would serve only to delay the resolution of the first proceeding. Since reexamination was enacted as an effective alternative to litigation, the ability to decide the question of whether to merge based on the merits of a particular fact pattern must be reserved to the Office.<

For processing of the second reexamination proceeding, see MPEP § **2295**.

### VI. FEES IN MERGED PROCEEDINGS

Where the proceedings have been merged and a paper is filed which requires payment of a fee (e.g., excess claim fee, fee for request for extension of time, petition fee, appeal fee, brief fee, oral hearing fee), only a single fee need be paid. For example, only one fee need be paid for an appeal brief even though the brief relates to merged multiple proceedings and copies must be filed for each file in the merged proceeding.

### VII. PETITION TO MERGE MULTIPLE COPENDING REEXAMINATION PROCEEDINGS

No petition to merge multiple reexamination proceedings is necessary since the Office will generally, *sua sponte,* make a decision as to whether or not it is appropriate to merge the multiple reexamination proceedings. If any petition to merge the proceedings is filed prior to the determination ( **37 CFR 1.515**) and order to reexamine ( **37 CFR 1.525**) on the second request, it will not be considered but will be returned to the party submitting the same by the *>CRU< Director. The decision returning such a premature petition will be made of record in both reexamination files, but no copy of the petition will be retained by the Office. See **MPEP § 2267**.

While the patent owner can file a petition to merge the proceedings at any time after the order to reexamine ( **37 CFR 1.525**) on the second request, the better practice is to include any such petition with the patent owner's statement under **37 CFR 1.530**, in the event the *>CRU< Director has not acted prior to that date to merge the multiple reexamination proceedings. If the requester of any of the multiple reexamination proceedings is not the patent owner, that party may petition to merge the proceedings as a part of a reply pursuant to **37 CFR 1.535** in the event the *>CRU< Director has not acted prior to that date to merge the multiple

proceedings. A petition to merge the multiple proceedings which is filed by a party other than the patent owner or one of the requesters of the reexamination will not be considered but will be returned to that party by the *>CRU< Director as being improper under **37 CFR 1.550(g)**.

All decisions on the merits of petitions to merge multiple reexamination proceedings will be made by the *>CRU< Director (or to the *>CRU< Special Program Examiner, if the *>CRU< Director delegates it to him or her).

**browse after**



KEY: =online business system  $=fees  =forms  =help  =laws/regulations  =definition (glossary)

*The **Inventors Assistance Center** is available to help you on patent matters.Send questions about USPTO programs and services to the **USPTO Contact Center (UCC)**. You can suggest USPTO webpages or material you would like featured on this section by E-mail to the **webmaster@uspto.gov**. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.*

| .**HOME** | **SITE INDEX**| **SEARCH** | *e***BUSINESS** | **HELP** | **PRIVACY POLICY**

Last Modified: 12/05/2006 09:38:06

Go to **MPEP - Table of Contents**

EXHIBIT D - 18